1

2

3

4                      UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF WASHINGTON

6    TRAVIS ESPARZA,                    )
                                        ) No. CV-10-245-JPH
7                        Plaintiff,     )
                                        ) ORDER GRANTING DEFENDANT'S
8    v.                                 ) MOTION FOR SUMMARY JUDGMENT
                                        )
9    MICHAEL J. ASTRUE, Commissioner    )
     of Social Security,                )
10                                       )
                                        )
11                       Defendant.     )
                                        )
12   _____   )

13        BEFORE THE COURT are cross-motions for summary judgment noted

14   for hearing without oral argument on June 10, 2011 (ECF No. 11,

15   14). Attorney Kenneth L. Isserlis represents plaintiff; Special

16   Assistant United States Attorney Jordan D. Goddard represents the

17   Commissioner of Social Security (Commissioner). The parties have

18   consented to proceed before a magistrate judge (ECF No. 4). On May

19   31, 2011, plaintiff filed a reply (ECF No. 16). After reviewing

20   the administrative record and the briefs filed by the parties, the

21   court **GRANTS** defendant's motion for summary judgment (**ECF No. 14**)

22   and **DENIES** plaintiff's motion for summary judgment (ECF No. 11).

23                               **JURISDICTION**

24        Plaintiff protectively applied for disability insurance

25   benefits (DIB) and social security income (SSI) benefits on July

26   26, 2007, alleging disability beginning September 1, 2006, due to

27

28

     ORDER GRANTING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT                              - 1 -

borderline intellectual functioning[1] (Tr. 112-118, 121-127). The applications were denied initially and on reconsideration (Tr. 73-76, 77-80).

At a hearing before Administrative Law Judge (ALJ) Robert S. Chester on May 14, 2009, plaintiff, represented by counsel, plaintiff's father, George Esparza, and a vocational expert testified (Tr. 35-68). On June 4, 2009, the ALJ issued an unfavorable decision (Tr. 19-28). The Appeals Council denied Mr. Esparza's request for review on June 19, 2010 (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 4, 2010 (Ct. Rec. 1).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here where relevant.

Plaintiff was 31 years old at the hearing (Tr. 38). He attended regular and special education classes and graduated from high school in 1996 (Tr. 39-40, 324). Mr. Esparza testified he is divorced and has no children. The department of vocational rehabilitation (DVR) helped him get a part-time job at a thrift store, Value Village (Tr. 49-50). Plaintiff testified he has

---

[1]

The agency's denial, dated September 27, 2007, indicates plaintiff alleges disability due to being "developmentally disabled and [having] ADD" (Tr. 73). In its decision after Mr. Esparza requested reconsideration, the agency states plaintiff's disability claim is based on borderline intellectual functioning (BIF)(Tr. 77, 79).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 2 -

worked there since February 2007 (Tr. 49), although records show no earnings for 2007 (Tr. 128). It appears he began in February 2008 (Tr. 219, 230). Mr. Esparza received social security benefits at one time but lost them after Goodwill Industries helped him get a job at McCane Foods (Tr. 51).

He does not allege physical impairment (ECF No. 13 at 4) but testified he is disabled due to borderline intellectual functioning (BIF). He is forgetful, becomes distracted from the task at hand, and needs reminders (Tr. 51-55). Plaintiff takes the bus to work, cooks easy meals, and, with reminders, picks up his nephew at school, walks him home, and watches him until plaintiff's brother comes home (Tr. 53-54). He is unable to pay bills himself, so his brother mails them for him. Plaintiff's father gives him money to supplement his earnings at Value Village (Tr. 39, 54-55). Mr. Esparza has past relevant work as a commercial and industrial cleaner, laborer-stores warehouse worker, agricultural produce packer and sorter, cashier, construction worker, and forklift operator (Tr. 59-60).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot,

considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past. If a plaintiff is
able to perform previous work, that Plaintiff is deemed not

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 4 -

disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999)."The [Commissioner's] determination that a plaintiff is not disabled

will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 6 -

evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

With respect to plaintiff's DIB claim, the ALJ found Mr. Esparza was insured through March 31, 2009 (Tr. 19, 21). The ALJ found at step one that although plaintiff worked after onset, it did not amount to substantial gainful activity (Tr. 21). At steps two and three, he found plaintiff suffers from BIF and reading and math disorders, impairments that are severe but do not meet or medically equal the severity of a Listed impairment (Tr. 21-22). At step four, relying on the vocational expert, the ALJ found plaintiff can perform his past work as a cashier, agricultural produce packer and sorter, industrial truck operator, and industrial cleaner (Tr. 27-28). The ALJ concluded plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 28).

**ISSUES**

Plaintiff alleges the ALJ erred by failing to include attention deficit hyperactivity disorder (ADHD), disorder of written language, and low average memory functioning as severe impairments at step two (ECF No. 13 at 4). Second, the ALJ should have credited a November 2006 opinion by examining professional Kevin Shearer and approved by Frank Rosekrans, Ph.D. (ECF No. 13 at 5-6). Next, the ALJ gave too much credit to James Bailey, Ph.D.'s, opinion. Dr. Bailey is a reviewing psychologist (ECF No. 13 at 14-16). Finally, plaintiff alleges the ALJ's credibility

assessment is flawed[2] (ECF No. 13 at 16-17).

In his response the Commissioner asserts the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm (ECF No. 15 at 17, 19).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a

---

[2]

Plaintiff also alleges the ALJ's RFC assessment is "deeply flawed," but this argument repeats his contention the ALJ erred when he weighed the evidence. The RFC assessment is supported by the evidence and free of error.

treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B.   Credibility**

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 24-26). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility

determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

There is no evidence of malingering. The ALJ gave several clear and convincing reasons for his credibility assessment, including (1) plaintiff's daily activities are inconsistent with disabling impairment; (2) claimed limitations are contradicted by test results, and (3) plaintiff's inconsistent statements (Tr. 24-26).

(1) *Daily activities*. The ALJ observes alleged disabling limitations are undercut by plaintiff's wide range of activities (Tr. 25). Plaintiff alleges he is forgetful and has problems with distractibility, but as the ALJ accurately observes, Mr. Esparza has been able to maintain part-time employment without special supervision (after an initial two week period), take the bus to work and to pick up his nephew, supervise his nephew, and maintain independent living (Tr. 26-27). A vocational assessment in

February 2008 indicates plaintiff has no problem staying on task at his job (Tr. 232).

(2) *Test results*. Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the severity alleged, but it is one factor the ALJ may consider. See *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc). Plaintiff states he has memory and distractibility problems but Dr. Arnold's test results indicate good short and long term memory functioning and adequate concentration, as the ALJ points out (Tr. 25; 343). Dr. Genthe's assessed GAF of 70 indicates no more than mild symptoms or limitations (Tr. 259). Objective testing does not support allegedly disabling limitations.

(3) *Inconsistent statements*. The ALJ notes plaintiff testified he becomes distracted and fails to finish tasks, has memory problems, and needs his brother to remind him to perform basic grooming, complete daily chores, and pick up his nephew from school (Tr. 24). Yet when plaintiff has lived alone, he reported no problems with household chores, grocery shopping, or attending to his personal hygiene, as the ALJ observes (Tr. 26; 290). Inconsistent statements diminish credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ correctly relied on several factors, including daily activities inconsistent with disabling limitations, symptoms unsupported by objective testing, and inconsistent statements when he found plaintiff less than completely credible.

The ALJ's reasons for finding plaintiff less than fully

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 11 -

1   credible are clear, convincing, and fully supported by the record.
2   *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)
3   (proper factors include inconsistencies in plaintiff's statements,
4   inconsistencies between statements and conduct, and extent of
5   daily activities).

6   **C.   Dr. Rosekrans - November 2006**

7        Plaintiff contends the ALJ failed to properly credit the
8   November 2006 opinion of Kevin Shearer, MA, LMHC, and approved by
9   Dr. Rosekrans (ECF No. 13 at 15). The Commissioner responds that
10  the ALJ properly rejected Dr. Rosekrans's opinion because it is
11  inconsistent with plaintiff's activities, and it is contradicted
12  by the December 2006 and September 2007 opinions of two other
13  examining psychologists: Thomas Genthe, Ph.D., and John Arnold,
14  Ph.D., respectively (ECF No. 15 at 10-17).

15       About two months after onset Dr. Rosekrans diagnosed BIF, as
16  well as disorders of reading, math, and written language. He
17  assessed a GAf of 60 indicating moderate symptoms or functional
18  difficulty. He opined plaintiff did not meet the diagnostic
19  criteria for ADHD, and had not reported experiencing any ADHD
20  symptoms within the past six months (Tr. 301). Dr. Rosekrans
21  opined plaintiff would have great difficulty learning and
22  performing basic skills in reading, mathematics, or written
23  language, and is unable to independently analyze and/or solve
24  problems, weigh alternatives, and/or make decisions (Tr. 287-303,
25  duplicated at 323-339).

26       The ALJ gave this opinion little weight because plaintiff has
27  "exhibited an ability to learn and perform basic work related
28  skills at his employment with Value Village. This also shows he

1  can independently analyze and/or solve problems, weigh

2  alternatives, and/or make decisions."

3  (Tr. 27).

4      The ALJ is correct. When customers asked plaintiff questions

5  he was unable to answer, Mr. Esparza responded appropriately by

6  directing them to the correct person (Tr. 231).

7  **D.   Dr. Genthe - December 2006**

8      About a month after Dr. Rosekrans's evaluation, Dr. Genthe

9  tested plaintiff and reviewed records (Tr. 259-268). He diagnosed

10 ADHD (NOS), math and reading disorders by history, and BIF with

11 low average memory functioning. He opined plaintiff's current GAF

12 was 70, indicating mild symptoms or functional difficulties. Dr.

13 Genthe failed to see the degree of impairment that would support

14 Mr. Esparza's prior ADHD diagnosis (Tr. 259). The ALJ notes Dr.

15 Genthe's test results indicate mild limitations (Tr. 25).

16 **E.   Dr. Arnold - September 2007**

17     Dr. Arnold examined plaintiff on September 5, 2007 (Tr. 341-

18 344). He reviewed records, including Dr. Rosekrans's report (Tr.

19 341-342), and administered testing. He diagnosed reading, math,

20 and written language disorders by history, BIF by history, and

21 rule out cannabis abuse (based on plaintiff's statement he uses

22 marijuana 2-3 times a week)(Tr. 342-343)[At the hearing plaintiff

23 denied making this statement. He asserted he smoked marijuana

24 twice at age 18 or 19. *See* Tr. 41]. Dr. Arnold assessed a GAF of

25 65 indicating moderate symptoms or limitations (Tr. 343).

26     The ALJ notes Dr. Arnold's testing revealed good short and

27 long term memory and adequate concentration (Tr. 25).

28 ///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 13 -

**F.   Dr. Rosekrans - May 2008**

Dr. Rosekrans assessed plaintiff's functioning again in May 2008, but based his opinion on the 2006 test results (Tr. 372-376). He opined plaintiff suffers several marked and moderate limitations (Tr. 387-388). The ALJ gave this opinion little weight because it is internally inconsistent, was rendered a year and half after testing, and, in the interval, plaintiff had maintained employment (Tr. 27) indicating he does not suffer marked and moderate limitations.

**G.   Dr. Bailey - September 2007**

In September 2007 consultant James Bailey, Ph.D., reviewed the record (Tr. 347-364). He opined plaintiff is capable of simple, routine tasks, able to follow one and two-step instructions, and capable of superficial contact with co-workers, supervisors, and the general public. He may need additional time to learn new work procedures (Tr. 348-349). Plaintiff alleges the ALJ erred by essentially adopting Dr. Bailey's RFC assessment.

The ALJ relied on Dr. Bailey's opinion and on those of Drs. Arnold and Genthe when he assessed plaintiff's RFC. This constitutes the "other evidence" needed to support a decision to reject an examining professional's (like Dr. Rosekrans's) opinion. *See Magallanes v. Bowen*, 881 F.2d at 751-752; *Andrews v. Shalala*, 53 F.3d at 1042-1043.

The ALJ 's reasons for rejecting some of the psychologist's opinions are specific, legitimate and supported by substantial evidence. The ALJ did not include ADHD as a severe impairment because the diagnosis is disputed by some of the examiners (i.e., Drs. Rosekrans and Arnold did not diagnose ADHD). Similarly,

plaintiff contends the ALJ should have found that written language disorder and low average memory functioning are severe impairments (ECF No. 13 at 4). This is another way of saying plaintiff disagrees with the way the ALJ weighed the conflicting evidence.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The Court finds the ALJ's assessment of the evidence is supported by the record and free of legal error. The court finds unpersuasive plaintiff's contention the ALJ incorrectly formatted his decision.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 14)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 11)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 15 -

1  and **CLOSE** this file.

2      DATED this 13th day of June, 2011.

3                                    s/ James P. Hutton
4                                 JAMES P. HUTTON
                             UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28